UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,
    Plaintiff,                            Case No. 1:12–CR–259

v.                                              Honorable Paul L. Maloney
                                                      Chief U.S. District Court Judge

JUSTO GERMAN TOMAS-TEMA,
    Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

        On Monday, March 18, 2013, Justo German Tomas-Tema will appear before this Honorable Court for sentence to be imposed upon him for the offense of re-entering the United States without permission after a previous removal following a felony conviction. A Pre-Sentence Report (hereinafter referred to as "PSR") has been completed and published to the parties. There are no outstanding objections to the PSR to be resolved by the Court. The government has moved for a departure under the advisory guidelines pursuant to the plea agreement and the 'fast track' policy for the Western District of Michigan. Neither party has moved for a variance under the advisory guidelines.

**Discussion**

        In compliance with *United States v. Booker*, 543 U.S. 220 (2005), as clarified by *Gall v. United States*, 552 U.S. 38 (2007), and *Kimbrough v. United States*, 552 U.S. 85 (2007), the Court is directed to consider a number of factors in determining a defendant's sentence. After correctly calculating a defendant's advisory sentence guideline range, the Court is to

listen to arguments by the parties as to the appropriate sentence to be imposed.  The Court is then to look to the sentencing statute 18 U.S.C. § 3553(a) to find support for the sentences advocated by the parties.  Based upon due consideration of the advisory range, the positions of the parties, and the § 3553(a) factors, the Court is to impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing.  Should the Court choose to impose a sentence outside of the advisory guideline range, the Court is expected to explain the departure or variance to such an extent that the defendant and any reviewing Court may understand the basis for the Court's chosen sentence.

## 18 U.S.C. § 3535(a) Factors

1. **(a) The Nature and Circumstances of the Offense . . .**

Justo German Tomas-Tema is a 40-year-old citizen of Guatemala.  He was removed from the United States in February of 2011 following his conviction for a felony offense in 2009 (OUIL 3d).  He returned to this country in April of 2012 to work and provide financial assistance to his family.  He did not have permission to return.  He was arrested here in Grand Rapids on August 20, 2013, for a driving-while-license-suspended charge.

**(b) . . . and the History and Characteristics of the Defendant**

The Defendant is literate in Spanish, but has not completed high school in his own country or this one. He is, however, a hard worker who maintains employment and supports his family when he is able. Mr. Tomas-Tema has a bad relationship with alcohol, which has resulted in several stints in jail or prison and which, according to the Defendant, may have

cost him any chance to legitimize his presence in the United States.

Mr. Tomas-Tema and Ms. Rosalinda Juarez have a long-term relationship and remain united despite the Defendant's various periods of incarceration. They have three children ranging in age from 17 to 7 to an infant, very recently born. The couple and their children will all live in Guatemala together once the defendant has completed his sentence for this offense and is deported.

Mr. Tomas-Tema is an affable individual who recognizes the wrong that he has committed and who apologizes to this Honorable Court as the representative of the people of the United States. He meant no disrespect to the country. He has no intentions to return again to this land to try to help his family only to end up yet again behind bars and be of no help to anyone. He knows that his better future lies only in remaining in Guatemala and with his family there.

Attached hereto the Court will find two letters written on his behalf. One is from Rosalinda, his partner in life, and one from his mother.

    **2.**    **The Need for the Sentence Imposed**
        **(A)**    **To reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense . . .**

        **(B)**    **Deterrence**

        **(C)**    **Protection of the Public**

        **(D)**    **To provide the Defendant with Needed Rehabilitative Treatment in an Effective Manner**

This offense is serious in that it reflects upon the right and ability of a sovereign to control its borders and the entrants from abroad who may come here. However, and fortunately, this particular offense, by this defendant, does not seem to implicate any more than it appears to be on the surface—an economic-induced action rather than one taken with an evil or malicious intent.

Mr. Toma-Tema understands the crime that he has committed. He now further understands the seriousness with which the authorities take this crime and the punishments to which he has exposed himself, and by extension, his family. As stated above, he apologizes for this wrongful conduct. He knows a repeat of this conduct will result in ever longer periods of time in prison. He knows that he will not again be afforded the opportunity of a reduced sentence as has been made possible here. He knows that he cannot help anyone from a prison cell.

While it would be of value that the Defendant receive treatment for his alcohol abuse issues in prison, it is not likely that any such treatment will be afforded to him under current Bureau of Prison regulations, in light of his deportable alien status.

### 3. The Kinds of Sentences Available

In this situation, while the Court has its full range of options available regarding sentencing the Defendant, it would appear that incarceration followed by deportation is the single viable choice.

   4.     **The Sense of the Legislature as Expressed by the Sentencing Commission**

Based upon a total offense level of 10 and a criminal history category of V, the guideline imprisonment range is 21 months to 27 months. Pursuant to the written plea agreement, the United States agreed to move for a downward departure of 4 levels from the adjusted offense level, pursuant to U.S.S.G. § 5K3.1. If the motion is granted, the resulting offense level would be 6. Based upon a total offense level of 6 and a criminal history category of V, the guideline imprisonment range is 9 to 15 months.

   5.     **Any Other Policy Statement**

No other policy statement appears to be implicated here.

   6.     **Unwarranted Disparities**

The implementation of the nation-wide 'fast track' policy appears to eliminate a formerly significant source of seeming disparity issues. No other disparity issue is implicated here.

   7.     **Restitution**

There is no issue of restitution in this case.

                                         **Summary**

Justo German Tomas-Tema is an individual who came here to avail himself of the work opportunities he found available. There appears to be no other reason for his actions. This does not excuse those actions, but it explains them. There appears to be no malevolence here.

Mr. Tomas-Tema is a family man who is concerned that his continued periods in jail and prison have impacted that family negatively.  He knows that this cycle of illegality and punishment must end.  The time is now.

**Conclusion**

Mr. Tomas-Tema asks this Honorable Court to grant the government's motion for a downward departure and sentence him at the low end of the adjusted guideline range of 9 to 15 months.  Mr Tomas-Tema has been continuously in custody since August 20, 2013 (210 days), and in federal criminal custody since October 26, 2013 (144 days).  This sentence would be consistent with the directives of Congress and current policies of the Department of Justice.

                                        Respectfully submitted,

                                        RAY KENT
                                        Federal Public Defender

                                        /s/ Richard D. Stroba
                                        RICHARD D. STROBA
                                        Assistant Federal Public Defender
                                        50 Louis NW, Suite 300
                                        Grand Rapids, MI 49503
Dated: March 11, 2013                    (616) 742-7420